## No. 14,115.

STATE EX REL. ANTHONY N. MULLER vs. HON. ROBERT BROWN, JUDGE CITY COURT OF THE CITY OF NEW IBERIA.

### SYLLABUS.

It being made the duty of the district attorney to represent the State in all criminal and civil actions in his district, he has the right to represent the State in magistrate's courts on the trial of cases for assault; and this right, if denied to him by the magistrate, may be enforced by *mandamus*.

A PPLICATION for writs of *certiorari,* prohibition and *mandamus.*

*Anthony N. Muller,* District Attorney Nineteenth Judicial District, relator *in propria persona.*

Respondent *in propria persona.*

The opinion of the court was delivered by

PROVOSTY, J. The respondent magistrate refused to permit the District Attorney to represent the State before his court in the prosecution of an assault case; he "ruled him out;" and this is an application by the District Attorney to this court for *mandamus* under the supervisory powers of this court to compel the recognition of his right to represent the prosecution in State cases before the respondent's court.

The respondent returns, as follows:

"In refusing to permit the relator to prosecute in the court over which respondent presides, he was so induced to do upon the realization that if the District Attorney was permitted to make an appearance in a case entertained by him upon an affidavit of another party, it was opening the door to the mulcting of the parish for the fees allowed the District Attorney for convictions in cases of misdemeanor. Frequently the offense charged is of such a trifling nature that a judge of the City Court cannot consistently impose but a minimum sentence upon the party accused.

"All criminal cases within his jurisdiction are instituted without the assistance, and in the most instances without the knowledge of the District Attorney. He is of no practical assistance to the court.

"It would, in such cases, be a hardship upon the parish to have to pay the District Attorney a greater fee than that realized by the fine, and in some cases besides being made to pay for the party's board, when he has been remanded to jail.

"The parish is already called upon to pay the salary of the judge of the City Court, and the purpose of the act creating the court is manifestly to reduce criminal expenses. If the District Attorney be permitted, notwithstanding, to collect fees for conviction in cases in which he has neither taken the initiative nor instituted proceedings, then the result will be that the criminal expenses of the parish will be increased instead of diminished. Most frequently the offenses charged

before the City Court are of a nature that the Grand Jury would not entertain or the District Attorney file an information. It will also be noted that an appeal lies from the City Court to the District Court in case of conviction, and this fact would indicate that in contemplation of law the City Court is merely one of subsidiary police power, not one in which an accused can be finally and irrevocably convicted unless with his sanction and acquiescence. District Attorneys are paid for final convictions, and this would mean that if an accused would appeal to the District Court, then the District Attorney prosecuting there would be entitled to a fee in event that the finding of the City Court is affirmed. If no appeal is prosecuted from the City Court the finding thereof is final only through the acquiescence of the party accused and not through any efforts of the District Attorney. There is an additional objection to the District Attorney's appearances in the premises; one that would result in tying the hands of the City Court if disregarded. Respondent alludes to the fact that there are two parishes in the judicial district. Frequently the relator is performing his duties in the adjoining parish of St. Martin. It is physically impossible for him to attend to prosecutions in the City Court during that time. Now, his enforced absence extends on many occasions to a period of thirty days. During that time is the City Court to cease operations by reason of his absence? Even when attending the District Court in this parish relator cannot give any time to the City Court. The act creating the City Court provides that it shall be open at all times. Shall this provision be rendered nugatory?

"Moreover, the Article 9 of the Constitution allows the Legislature to provide for the prosecution of misdemeanors on affidavit, yet no act has ever been passed authorizing District Attorneys to prosecute on behalf of the State except when indictment has been returned or information filed. All of the law appertaining to duties of District Attorneys is silent on the privilege in such a case as the instant one.

"The inference from this silence is inevitable that the lawmakers sought, by permitting misdemeanors to be entertained upon affidavits filed, to save the parishes of such criminal expenses as that of the fees of District Attorneys.

"Act 96 of 1880, defining duties of District Attorneys, contemplates only duties in District Courts.

"Act 48 of 1900, creating the City Court of the City of New Iberia, does not contain a syllable authorizing the District Attorney to appear and prosecute therein in behalf of the State.

"So realizing and so reasoning, respondent was impelled to deny relator's right to prosecute in the premises, and submits respectfully, the foregoing, with the prayer that the writ be dismissed at relator's cost.                                        "RORERT BROWN,

*"In propria persona."*

This return shows that the respondent was actuated by the most laudable motives, but it does not deny the fact that the case in question was a criminal case, prosecuted under a State statute, and therefore a case clearly within the province of the District Attorney whose duty it is, by Act 96 of 1880, Section 1, to "represent the State in all civil and criminal actions" in his district.   State *ex rel.* Marr· vs. Judge, 48th Ann. 1369.

It is therefore ordered, adjudged and decreed, that the *mandamus* herein be made peremptory at the cost of the respondent.